**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| STANLEY BLACK & DECKER, INC. and BLACK & DECKER (U.S.) INC.,<br><br>Plaintiffs,<br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>Defendants. | Case No. 26-cv-08182<br><br>**Judge Manish S. Shah**<br><br>**Magistrate Judge Karyn L. Bass Ehler** |

**PLAINTIFFS' *EX PARTE* MOTION FOR AUTHORIZATION TO PROVIDE ELECTRONIC NOTICE OF ANY FORTHCOMING MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

Plaintiffs Stanley Black & Decker, Inc. and Black & Decker (U.S.) Inc. ("Plaintiffs" or "SBD") seek this Court's authorization to provide electronic notice to Defendants, via publication and e-mail, of any forthcoming motion for entry of a preliminary injunction and any hearings the Court sets on the motion. SBD submits that providing notice via electronic publication and e-mail is reasonably calculated under all circumstances to apprise Defendants, who are all outside of the United States, of any forthcoming motion for entry of a preliminary injunction and afford them the opportunity to present their objections.[1]

As alleged in SBD's Complaint, Defendants take advantage of a set of circumstances, including the anonymity and mass reach afforded by the Internet and the cover afforded by international borders, to violate SBD's intellectual property rights with impunity. As such, SBD

[1] In accordance with this request, the proposed Temporary Restraining Order includes authorization to provide electronic notice of any forthcoming motion for entry of a preliminary injunction.

intends to move for electronic service of process pursuant to Fed. R. Civ. P. 4(f)(3) after it (1) receives expedited discovery from the third-party providers who are providing services to the Defendants, and (2) verifies that Defendants' physical addresses are unknown. *See* Article 1 of the Hague Service Convention, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 (stating the Convention "shall not apply where the address of the person to be served with the document is not known."). To the extent the Court has not authorized alternative service of process under Rule 4(f)(3) before SBD moves for entry of a preliminary injunction, SBD is still required to provide notice of any forthcoming motion for entry of a preliminary injunction. *See* Fed. R. Civ. P. 65(a)(1).

Rule 65(a)(1) is unambiguous about what is required before the Court's entry of a preliminary injunction: notice to the adverse party. *Id.* It does not require completed service of process. The Seventh Circuit has held that a preliminary injunction may issue before service of process is effected, provided the adverse party has notice. *See H-D Mich., LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 842 (7th Cir. 2012) ("Rule 65 allows emergency injunctive relief before service of process . . ."). Courts in this District have applied that principle in Schedule A cases, holding that notice by electronic publication and e-mail satisfies Rule 65(a)(1) even as to foreign e-commerce defendants. *See Klauber Bros., Inc. v. P'ships*, No. 23-cv-10407, 2024 WL 182209, at *6 (N.D. Ill. Jan. 17, 2024) (holding, in a Schedule A action against a Chinese online seller, that e-mailing the defendant the preliminary-injunction motion papers, consistent with a TRO authorizing notice by publication and e-mail, provided the notice Rule 65(a)(1) requires). Here, SBD seeks authorization to provide notice of any forthcoming motion for entry of a preliminary injunction, and of any hearings the Court sets on that motion, to Defendants by both

e-mail and electronic publication. That combination satisfies, and exceeds, the notice Rule 65(a)(1) requires.

For the aforementioned reasons, SBD requests this Court's permission to provide notice of any forthcoming motion for entry of a preliminary injunction, and of any hearings the Court sets on the motion, to Defendants via e-mail and electronic publication.

Dated this 24th day of July 2026.

Respectfully submitted,

/s/ Martin F. Trainor

Martin F. Trainor
Alexander Whang
Victor B. Chahin
TME Law, P.C.
10 S. Riverside Plaza
Suite 875
Chicago, Illinois 60606
708.475.1127
martin@tme-law.com
alexander@tme-law.com
victor@tme-law.com

*Counsel for Plaintiffs Stanley Black & Decker Inc. and Black & Decker (U.S.) Inc.*