**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

STANLEY BLACK & DECKER, INC. and BLACK & DECKER (U.S.) INC.,

Plaintiffs,

v.

THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"

Defendants.

Case No. 26-cv-08182

**Judge Manish S. Shah**

**Magistrate Judge Karyn L. Bass Ehler**

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

Plaintiffs Stanley Black & Decker, Inc. and Black & Decker (U.S.) Inc. ("Plaintiffs" or "SBD") submit this Memorandum in support of their Motion for Entry of a Preliminary Injunction.

## MEMORANDUM OF LAW

### I. INTRODUCTION

SBD brought this action against the defendants identified on Schedule A to the Complaint (collectively, the "Defendants") for (1) federal trademark infringement and counterfeiting and (2) false designation of origin. As alleged in the Complaint, the Defendants are promoting, advertising, distributing, offering for sale, and selling products using infringing and counterfeit versions of SBD's trademarks (collectively, the "Unauthorized Products") through at least the fully interactive e-commerce[1] stores operating under the seller aliases identified in Schedule A to the Complaint (the "Seller Aliases"). [2].

### II. STATEMENT OF FACTS

On July 29, 2026, this Court granted SBD's *Ex Parte* Motion for Entry of a Temporary Restraining Order ("TRO") [19]. The TRO authorized SBD to provide notice of these proceedings and the preliminary injunction hearing to Defendants by electronically publishing a link to the Complaint, the TRO, and other relevant documents on a website and by sending an email with an attachment of the relevant documents and a link to said website to an e-mail address for each Defendant. [19] at ¶ 7. On August 11, 2026, this Court granted SBD's *Ex Parte* Motion to Extend the Temporary Restraining Order until August 26, 2026. [25]. Since and pursuant to entry of the TRO, financial accounts associated with the Seller Aliases have been frozen. *See* Declaration of Martin F. Trainor ("Trainor Dec.") at ¶ 2.

SBD respectfully requests that this Court convert the TRO to a preliminary injunction against Defendants so that they remain enjoined from the distribution, marketing, advertising, offering for sale, and sale of Unauthorized Products during the pendency of this action. As part of

---

[1] The e-commerce store URLs are listed on Schedule A to the TRO [19].

the Preliminary Injunction, SBD requests that Defendants' financial accounts remain frozen until completion of these proceedings.

## III. ARGUMENT

### A. A Preliminary Injunction Extending the Relief Granted in the TRO is Appropriate

SBD respectfully requests that this Court convert the TRO to a preliminary injunction to prevent further unlawful conduct by Defendants. Courts addressing similar allegations of online counterfeiting have also issued preliminary injunctions following a temporary restraining order. *See, e.g., Entertainment One UK Ltd. v. The Partnerships, et al.*, No. 22-cv-01321 (N.D. Ill. Apr. 15, 2022) (unpublished).

#### i. <u>This Court Has Already Found that the Requirements for a Preliminary Injunction Have Been Satisfied</u>

Since the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit, the requirements for entry of a preliminary injunction have been satisfied. *See USA-Halal Chamber of Commerce, Inc. v. Best Choice Meats, Inc.*, 402 F. Supp. 3d 427, 433 (N.D. Ill. 2019) (collecting cases). A temporary restraining order or preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996). By entering the TRO, this Court has already found that the above requirements have been satisfied.

#### ii. <u>The Asset Restraint Should Remain in Place Because SBD Seeks Equitable Relief</u>

The Lanham Act authorizes courts to issue injunctive relief "according to the principles of

equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of the mark ….” 15 U.S.C. § 1116(a). At this stage of the case, SBD is seeking an accounting and disgorgement of Defendants' profits under 15 U.S.C. § 1117(a), in addition to statutory damages under 15 U.S.C. § 1117(c). [1].

Pursuant to the TRO, financial accounts associated with the Seller Aliases have been frozen. Trainor Dec. at ¶ 2. In addition to enjoining the Defendants from further infringement of SBD's trademarks, SBD requests conversion of the TRO to a preliminary injunction so that Defendants' accounts remain frozen. Roughly $140,000 has been restrained in the Defendants' financial accounts. *Id.* Based on limited production received from third party platforms regarding Defendants' sales of the one Unauthorized Product SBD's investigators purchased, the Defendants have generated at least $1.75 million in revenue from Unauthorized Products. *See id.* at ¶ 3. As of the date of this filing, SBD is unaware of the full scope of Defendants' Unauthorized Product sales revenue and has not been provided a full sales accounting for any Defendant. *Id.* at ¶ 4. Without a preliminary injunction, Defendants are likely to transfer these financial assets to offshore accounts, and frustrate SBD's ability to pursue an accounting of profits. *See Johnson & Johnson v. Advanced Inventory Management, Inc.*, 2020 WL 8260381, at *4 (N.D. Ill., 2020) (finding that "it is still likely that funds will dissipate if released," noting that "if [plaintiff]'s calculations are correct, then Defendants' profits from [counterfeit] products substantially dwarf their cash on hand" and "Defendants are unlikely to have sufficient cash to cover the difference").

In recent similar cases the undersigned has had before the Court[2], the Court has expressed concerns regarding the fact Schedule A case plaintiffs often secure asset restraints based on a request for an equitable remedy, only to end up asking for a statutory damages award at the end of

[2] *See Triumph International, LLC v. The P'ships*, No. 26-cv-07524 (N.D. Ill., 2026) and *Disney Enterprises Inc. v. The P'ships*, No. 26-cv-08200 (N.D. Ill., 2026).

the case when they move for entry of default and default judgment. However, this ignores that Schedule A plaintiffs move for entry of default and default judgment against nonresponsive defendants who have failed to participate in the proceedings. As numerous courts have found, "statutory damages are 'most appropriate' when an infringer's nondisclosure makes actual damages uncertain." *Luxottica USA LLC v. The Partnerships and Unincorporated Associations Identified On Schedule "A"*, 2015 WL 3818622, at *2 (N.D. Ill., 2015) (citing *Sara Lee Corp. v. Bags of N.Y., Inc.,* 36 F.Supp.2d 161, 165 (S.D.N.Y.1999)). Even if SBD elects for statutory damages at the end of the case, the asset restraint remains appropriate at this stage. *See CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002) (noting that because the plaintiff sought an accounting of profits, even as an alternative form of relief, that an asset restraint was proper under *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 119 S.Ct. 1961, 144 L.Ed.2d 319 (1999)).

iii. <u>If the Court is Not Inclined to Keep all Defendants' Assets Restrained, the Asset Restraint Should Remain in Place for Defendant Energup</u>

If the Court is unwilling to continue the asset restraint for all Defendants, SBD requests that the Court, at minimum, maintain the asset restraint on Defendant Energup's Amazon account to preserve SBD's ability to seek an accounting and disgorgement of Defendant Energup's profits. Based on limited production from Amazon, Defendant Energup has roughly $98,500 restrained in its Amazon account, but has generated over $1.7 million of revenue of a single Unauthorized Product. *See* Trainor Dec. at ¶ 3. As of the date of this filing, SBD is unaware of the full scope of Defendant Energup's Unauthorized Product sales revenue. *Id.* at ¶ 4. However, based on the limited information available to SBD as of the date of this filing, SBD anticipates pursuing an accounting and disgorgement of profits from Defendant Energup if it fails to participate in the proceedings after being served.

## IV. CONCLUSION

In view of the foregoing, SBD respectfully requests that this Court enter the preliminary injunction extending the relief granted in the TRO, including the asset restraint as to all Defendants. If the Court declines to continue the restraint as to all Defendants, SBD respectfully requests that the Court maintain the asset restraint as to Defendant Energup, whose restrained funds are dwarfed by the revenue it has generated from Unauthorized Product sales.

Dated this 21st day of August 2026.

Respectfully submitted,

/s/ Martin F. Trainor
Martin F. Trainor
Alexander Whang
Victor B. Chahin
TME Law, P.C.
10 S. Riverside Plaza
Suite 875
Chicago, Illinois 60606
708.475.1127
martin@tme-law.com
alexander@tme-law.com
victor@tme-law.com

*Counsel for Plaintiffs Stanley Black & Decker, Inc. and Black & Decker (U.S.) Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of August 2026, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system and I will electronically publish the documents on a website and send an email to the email addresses identified in Exhibit A to SBD's Motion for Entry of a Preliminary Injunction that includes a link to said website.

/s/ Martin F. Trainor
Martin F. Trainor
Alexander Whang
Victor B. Chahin
TME Law, P.C.
10 S. Riverside Plaza
Suite 875
Chicago, Illinois 60606
708.475.1127
martin@tme-law.com
alexander@tme-law.com
victor@tme-law.com

*Counsel for Plaintiffs Stanley Black & Decker, Inc., and Black & Decker (U.S.) Inc.*